UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

---

NORTHERN EDGE ELITE HOCKEY SCHOOL, INC.,

    Plaintiff,

v.

NORTHERN EDGE HOCKEY SCHOOLS, INC.

    Defendant.

Case No. _____

**COMPLAINT**

**(JURY TRIAL DEMANDED)**

---

Plaintiff, Northern Edge Elite Hockey School, Inc., for its claims against Defendant, Northern Edge Hockey Schools, Inc., alleges as follows:

## THE PARTIES

1. Plaintiff, Northern Edge Elite Hockey School, Inc. (hereinafter, "Northern Edge"), is a Missouri corporation, with its principal place of business in Wildwood, Missouri.

2. Upon information and belief, Defendant, Northern Edge Hockey Schools, Inc., is a Wisconsin corporation having a place of business in Superior, Wisconsin.

## JURISDICTION AND VENUE

3. This is an action for common law trademark infringement and for unfair competition arising under the Lanham Act, 15 U.S.C. § 1125(a).

4. The Court has subject matter jurisdiction over Plaintiff's federal unfair competition claims under 15 U.S.C. § 1121 and under 28 U.S.C. §§ 1331 and 1338(a).

5. As such, this Court has supplemental jurisdiction over the common law trademark infringement claims pursuant to 28 U.S.C. §§ 1338(b) and 1367(a).

6. Defendant is subject to personal jurisdiction in this judicial district under the Missouri long arm statute, Mo. Rev. Stat. § 506.500, resulting from Defendant committing acts within Missouri and/or from Defendant's acts committed outside Missouri causing injury to Northern Edge in Missouri knowing that the impact of its infringing acts would be felt by Northern Edge in Missouri.

7. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims alleged in this Complaint occurred in this judicial district.

## BACKGROUND FACTS

8. Northern Edge is the premier hockey school in the industry. It conducts numerous training camps throughout the offseason, currently in seventeen states throughout the United States, including Alabama, Arkansas, Florida, Iowa, Illinois, Michigan, Minnesota, Missouri, Montana, North Dakota, Oklahoma, Oregon, South Carolina, South Dakota, Texas, Washington and Wyoming.

9. Northern Edge has been using the mark "NORTHERN EDGE" (the "Mark") conspicuously and substantially exclusively in connection with hockey school services since at least as early as March, 1995.

10. Without authorization, Defendant began using the Mark in connection with hockey school services, on or around January 2010.

11. Defendant operates a website at -- http://www.northernedgehockeyschool.com -- which links to the website -- http://www.hometeamsonline.com/teams/?u= NORTHERNEDGE HOCKEYSCHOOL&s=hockey&t=c -- which displays the Mark in connection with the advertising and promotion of its hockey school. A copy of the homepage of Defendant's website is attached as **Exhibit A.**

12. By letter dated May 19, 2010, Defendant was advised that its unauthorized use of the Mark in connection with hockey constituted trademark infringement and unfair competition and that it voluntarily cease and desist using the Mark or any confusingly similar mark. A copy of the letter to Defendant is attached as **Exhibit B.**

13. Defendant has refused to cease using the Mark.

## COUNT I
## Lanham Act Unfair Competition
## (15 U.S.C. § 1125)

14. Northern Edge restates and re-alleges each of the allegations contained in paragraphs 1 through 13 above.

15. Defendant's unauthorized use of the Mark is likely to cause confusion, or to cause mistake, or to deceive consumers as to the affiliation, connection or association of Defendant with Northern Edge or is likely to cause confusion, or to cause mistake, or to deceive consumers as to the origin, sponsorship, or approval of Defendant's services or commercial activities.

16. Defendant's unlawful actions were knowing and willful.

17. Defendant's unlawful actions have caused, and will continue to cause, irreparable harm to Northern Edge unless enjoined pursuant to 15 U.S.C. § 1116.

18. Northern Edge is entitled to recover damages sustained by Defendant's unlawful actions, Defendant's profits, and the costs of the action pursuant to 15 U.S.C. § 1117(a) and such sums should be trebled as a result of Defendant's knowing and willful conduct.

19. Defendant's actions render this case exceptional entitling Northern Edge to its reasonable attorneys fees and costs under 15 U.S.C. § 1117(a).

## COUNT II
### Common Law Trademark Infringement and Unfair Competition

20. Northern Edge restates and re-alleges each of the allegations contained in paragraphs 1 through 19 above.

21. Defendant's unauthorized use of the Mark is likely to cause confusion, or to cause mistake, or to deceive consumers as to the affiliation, connection or association of Defendant with Northern Edge or is likely to cause confusion, or to cause mistake, or to deceive consumers as to the origin, sponsorship, or approval of Defendant's services or commercial activities.

22. Defendant's unlawful actions were knowing and willful.

23. Defendant's unlawful actions have caused, and will continue to cause, irreparable harm to Northern Edge unless enjoined.

24. Northern Edge is entitled to recover damages and punitive damages resulting from Defendant's knowing and willful unlawful conduct.

## **PRAYER FOR RELIEF**

WHEREFORE, Northern Edges prays that the Court enter judgment:

(a) In favor of Northern Edge and against Defendant on all of claims;

(b) Preliminarily and permanently enjoining and restraining Defendant, its agents, representatives, servants, employees, and all persons acting for, with, by, through or under it, from using the Mark or any other marks that use the words "Northern Edge" or any other marks confusingly similar thereto, in connection with hockey or hockey related goods and/or services;

(c) ordering the transfer of the domain name -- http://www.northernedgehockey.com -- and any other website addresses using the words "northern edge" in the URL string to Northern Edge;

(d) Awarding Northern Edge three times Northern Edge's damages, Defendant's profits and the costs of the action, as well as attorneys fees and costs, pursuant to 15 U.S.C. § 1117(a);

(e) Awarding Northern Edge such other relief as the Court may deem just and proper.

Respectfully Submitted,

Date: __6/7__, 2010

LINDHORST LAW FIRM, LLC

By: _____
Eric J. Lindhorst # 27148
1308 Papin St.
St. Louis, MO 63103
(314) 241-5553
(314) 241-5559 facsimile
elindhorst@sbcglobal.net

ATTORNEYS FOR PLAINTIFF

1308386.1

6.



# NORTHERN EDGE HOCKEY SCHOOL

| What is NEHS | Coaches | Links | Contact | REGISTER | Accommodations | Home |
| Goalie Sessions | Squirt & Pee Wee | Bantam & High School | | | | |

**Superior Weather**

Cloudy
55° F

| Wind: | ENE 3 mph |
| Humidity: | 88% |
| Sunrise: | 5:16 am |
| Sunset: | 8:56 pm |

Yahoo! Weather Forecast
Fri: High 59° F, Low 44° F
Isolated T-Showers
Sat: High 61° F, Low 43° F
Scatterd T-Storms
hourly

**Northern Edge Hockey School**

When: June 14-18, 2010
Where: Superior Ice Arena
1015 Oakes Ave
Superior, WI 54880
Ages: Squirts, Pee Wee, Bantam, High School

***Boys & Girls all welcome!!***

The *Northern Edge Hockey School* is designed to give the player the on ice, and off ice tools required to reach their hockey goals. Whether you're a squirt striving to make the Pee Wee A team next season, or in high school with goals of playing junior or college hockey. *NEHS* will provide you with essential skills to get there.

Any questions regarding *NEHS*, please contact:

info@NorthernEdgeHockeySchool.com

Chris Sislo
319-429-5422

Sean Storie
608-886-7083

Who is the best all around player in the NHL?
○ Alex Ovechkin
○ Joe Thorton
○ Sidney Crosby
○ Patrick Kane
○ Zach Parise

[Vote]   See Results

Number of Visitors:
1601
Administrator

SPONSOR



SPONSOR



SHARE ...

www.HomeTeamsONLINE.com

**EXHIBIT A**

## GREFE & SIDNEY, P.L.C.
ATTORNEYS AT LAW
500 East Court Ave, Suite 200
P.O. BOX 10434
DES MOINES, IOWA 50306

STEPHEN D. HARDY
ROBERT C. THOMSON
CRAIG S. SHANNON
PATRICK J. MCNULTY
MARK W. THOMAS *
GUY R. COOK
ANDREW D. HALL
DONNA R. MILLER
MICHAEL A. CARMONEY
CLARK I. MITCHELL
LISA R. PERDUE **
ANITA L. DHAR
ARTHUR KRIMSKY
JULIA L. ROOSE
JESSICA L. CLEEREMAN
RACHEL L. TOTEL
ALLISON J. DOHERTY
LAURA N. MARTINO
ALISON E. STEWART ***
ADAM D. ZENOR

TELEPHONE
(515) 245-4300

FACSIMILE
(515) 245-4452

Offices also in Pella, Iowa

www.grefesidney.com

JAMES W. BRYAN
BENJAMIN P. LONG
ASHLEIGH E. O'CONNELL

OF COUNSEL
THOMAS W. CARPENTER
HENRY A. HARMON
JOHN WERNER

RETIRED
ROSS H. SIDNEY
CLAUDE H. FREEMAN

ROLLAND E. GREFE
1920-2004

* Also admitted in Nebraska
** Also admitted in California
*** Also admitted in Illinois

May 19, 2010

Steve Ledin, Esq.
Maki, Ledin, Bick & Olson, S.C.
1109 Tower Avenue
Superior, WI 54880

Re: *Northern Edge Elite Hockey School, Inc.*

Dear Mr. Ledin:

This firm has represented Northern Edge Elite Hockey School, Inc., and its owners since before it was incorporated in the State of Iowa in 1995. We take this opportunity to contact you on their behalf.

I enclose for your information a copy of my client's camp schedule for calendar year 2010, taken from the home page of my client's website. As I mentioned in our telephone discussion, you can, of course, do your own Google search or use any search engine you choose. A Google search on May 19, the day this is being drafted, using the school's initials (NEEHS) produced 2,520 results. A search using the terms "Northern Edge Hockey School" produced about 84,500 results, and mixed in as the fourth listed result is your client's organization named "Northern Edge Hockey School".

As you will read, our client carries on its schools throughout North America and, in particular in the Midwest, in virtually every Midwestern state except Wisconsin, and has developed substantial rights in its corporate identity and trade name. This includes a full line of hockey jerseys, caps, and Under Armour.

Under both state and federal law, common-law accords a trade name the exact same

**EXHIBIT B**

GREFE & SIDNEY, P.L.C.

- 2 -

protection as a registered trademark. <u>West Des Moines State Bank v. Hawkeye Bancorporation</u> (8th Cir. Iowa 1983) 722 F.2d 411; <u>Commercial Savings Bank v. Hawkeye Federal Savings Bank</u> (Iowa 1999) 592 N.W.2d 321.

Actual confusion in the minds of potential customers or the public is not necessary to a finding of infringement. <u>Iowa Paint Mfg. Co. v. Hirshfield's Paint Mfg., Inc.</u> (S.D. Iowa 2003) 296 F.Supp. 983. Courts consider several factors in determining the likelihood of confusion, including: (1) strength of the trademark or trade name; (2) similarity between the names; (3) competitive proximity; (4) evidence of any intent to confuse; (5) evidence of any actual confusion; and (6) the degree of care reasonably expected of potential customers. <u>Iowa Paint Mfg., Co. v. Hirshfield's Pain Mfg., Inc.</u>, <u>supra</u>, 296 F.Supp. 983; <u>Commercial Savings Bank v. Hawkeye Federal Savings Bank</u>, <u>supra</u>, 592 N.W.2d 321.

In our case, the major problem is not that my client is worried about the loss of Wisconsin prospects who would have otherwise attended one of its Minnesota or Illinois camps, but instead it literally is the name confusion problem and the fact that Northern Edge clients, used to registering for camps and schools online, may believe that your client really is my client, Northern Edge Elite Hockey School; that registering for your client's school will register them for my client's school; or that your client's school is endorsed by or in some way related to mine. For this reason, we have to request that your client voluntarily cease and desist using the name "Northern Edge Hockey School" or any similarly confusing name, and also to re-identify its website to remove any reference to Northern Edge.

If you have any questions concerning this, please contact me at your convenience. We respectfully request your confirmation of ceasing and desisting on or before ten (10) days from the date of this letter. That should afford your client the opportunity to make the necessary changes and still conduct the apparent June 14-18 school for any students or prospects who have registered.

Yours truly,

Stephen D. Hardy

SDH/sc
Enclosure

cc:   Craig Woodcroft
      President, Northern Edge Elite Hockey School